*(margin note)* CHITTENDEN, January, 1831.

King vs. Follett.

———————

### EDDY, MUNROE and HOOKER *vs.* HEZEKIAH HINE.

*(margin note)* CHITTENDEN, January, 1831.

An auditor's report will be set aside, unless he reports the facts he finds proved, as the ground of his decision, upon each litigated item. He should not report the evidence of those facts, but the facts themselves.

HUTCHINSON, C. J.—This was an action upon *book account*, commenced before the county court, and, after judgement to account, an auditor was appointed, who made a report for the plaintiffs, which was accepted ; and the defendant filed exceptions, upon which the cause is brought up to this Court. The arguments before this Court comprise a number of points, in reference

CHITTENDEN
*January,*
1831.

Eddy et al.
*vs.*
Hine.

to different items; yet one principle, only, was recognised by the Court, of sufficient importance to be reported. The action was originally commenced against the present defendant, and his brother, William Hine, who died after the action was commenced. The plaintiffs' account was originally charged against William Hine, only ; and the defendant denied his being liable for it as a partner with his brother, William. The auditor decided, from the testimony, that they were partners, and further detailed so much of the testimony, that it appeared he might well find this fact.

There appears to have been a large deal in lumber, which William Hine was to deliver to plaintiffs. Some he took on to White-Hall, where said Eddy then resided, and some, perhaps, to Troy, where Munroe and Hooker then resided. And the defendant produced a note, given by said Eddy to said William Hine, for two hundred and seventy six dollars, payable one day after date, with a memorandum at the bottom as follows : " Messrs. Eddy, Munroe and Hooker, will indorse on this his account, and charge same to me.— *Asa Eddy*." The present defendant contended, that, as *Asa Eddy* was one of the plaintiffs, and had given this note with such a direction at the bottom, this should operate as payment of so much of the account of the plaintiffs, or, at least, for so much of the same, as then existed, and might have been indorsed upon said note, according to said memorandum : but the auditor disallowed this wholly, but assigned no reason for his decision. The Court consider the auditor's report defective with regard to this note, as also about the claim and allowance for culls, as they are termed, of the lumber. The auditor expressly reports, that *Eddy* directed this note to be applied on the plaintiffs' account, in payment of the same. Now, whether this was right or wrong, to be sanctioned or not, must depend upon circumstances not here disclosed. If *Eddy*, at the date of said note, was indebted to the firm, and this note was given for his private debt, for which the partners were not holden either in law or equity, it ought to be rejected, and not be treated as affecting the account of the plaintiffs. But, if the company were then indebted to said *Eddy*, it might be otherwise ; and especially, which appears possible, if this note was given for property sold to the firm, and the papers drawn in this way, though not the most correct way, yet, if such was the substance of the transaction, we see no reason why it ought not to come in as part payment of the plaintiffs' account. The facts should be ascertained and reported, that the Court may see what the transaction was, and allow, or disallow, as justice might require. *Just*

so with regard to the claim and allowance for culls, as the parties <span style="float:right">CHITTENDEN<br>*January,*<br>1831.</span> term them.  It is objected by counsel, that the culls were made at White-Hall, whereas the lumber was to be delivered at Mallet's Bay.  While the claim and allowance for culls is litigated, the rules of this Court require, that the auditor's report should state the facts, upon which this claim must be decided, if not in the form, at least, with all the substantial details of a special verdict. So of every litigated item in every account, that is laid before auditors.  In this case, the auditor may have decided correctly ; but, with these defects in his finding of facts, we cannot ascertain whether his decision be correct or not.  The judgement of the county court must be reversed, and the report set aside, and the case go out again to the auditor, to make report to this court at the next term.

Eddy et al. *vs.* Hine.

* * * * *, for plaintiff.

*C. Adams,* for defendant.